```
                                    FILED
                                  AUG 17 2006
                        UNITED STATES BANKRUPTCY COURT
                        EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                           Case No. 06-10472-A-13K
                                                DC No. PK-1
TITUS ALEXANDER GAY and
SUSAN ELIZABETH GAY                             FINDINGS OF FACT
                                                AND CONCLUSIONS OF LAW
           Debtor.                              RE MOTION TO EXTEND
_____/                 AUTOMATIC STAY

Titus and Susan Gay filed their first bankruptcy case April 8, 2005, to stop a foreclosure of their home. That case was dismissed on May 17, 2005, because the debtors, who were then in pro se, failed to file a master address list.

The Gays filed their second case on May 12, 2005. They filed a first modified chapter 13 plan in that case on June 3, 2005. The creditors' meeting was continued until August 25, when it was finally completed, and after that, objections to confirmation of their chapter 13 plan were sustained on October 5, 2005. Thereafter:

> Nothing was done to get a plan confirmed for over two months until December 7, 2005, when the Debtors filed a motion to confirm another first modified chapter 13 plan. That motion was denied for substantive and procedural reasons on January 11, 2006.

> On January 17, 2006, the Debtors filed a motion to confirm a second-modified chapter 13 plan. The Trustee objected because that plan did not properly provide for treatment of a substantial priority tax claim. That motion was purportedly to be heard on March 1, 2006, but the matter was not calendared because the Debtors had set it for hearing at the wrong time. The clerk gave Debtors' counsel notice of



the calendaring problem on February 1, 2006.  The problem was not corrected.

Thereafter, the Debtors again did nothing to get a plan confirmed for over two more months.  Finally, the Bank filed this motion to dismiss on March 17, 2006.  The Trustee filed his motion on March 20, 2006.  Both matters were noticed to the Debtors and their counsel and set for hearing on April 5, 2006.  *One day before the hearing*, the Debtors filed a proposed third-modified plan and noticed a confirmation hearing on May 10, 2006.  The court heard the dismissal motions, and the arguments of Debtors' counsel, and took those matters under submission.  (Findings of Fact and Conclusions of Law of the Hon. W. Richard Lee regarding motions to dismiss chapter 13 case, filed April 13, 2006, in Case No. 05-13869-B-13 ("Findings of Fact Dismissing Second Chapter 13 Case").

Judge Lee granted the motions to dismiss observing that by the date of the hearing, the Gays had been in chapter 13 bankruptcy through two cases for almost one year.  Borrego Springs Bank had not received mortgage payments since prior to March 2004.

This case was filed, as the Gays' third bankruptcy, on April 19, 2006, only six days after the Findings of Fact Dismissing Second Chapter 13 Case.

Shortly after they filed this case, the Gays moved to extend the automatic stay.  The debtors acknowledged that they have the burden of proof that their third case is filed in good faith and assert that they have met that burden of proof.  The Gays say that their circumstances have changed since their second chapter 13 case was filed in that Mr. Gay's income has become more stable and that "all of the organizational issues have been resolved." (Expedited BAPCPA Motion to Reinstate the Stay, filed April 19, 2006, at p. 5).  They also point out that the chapter 13 trustee is holding over $18,000 from payments into their prior cases. Borrego Springs Bank opposed the motion to extend the stay.  The

1 Bank argued that the debtors could not establish by clear and
2 convincing evidence that this case was filed in good faith.
3     The court held an evidentiary hearing and made findings of
4 fact and conclusions of law on the record.  These written
5 findings of fact and conclusions of law amend those oral
6 findings.  This memorandum contains findings of fact and
7 conclusions of law required by Federal Rule of Bankruptcy
8 Procedure 7052 and Federal Rule of Civil Procedure 52.  This is a
9 core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (G) and
10 (O).
11     The motion to extend the stay is brought under Bankruptcy
12 Code § 362(c)(4), effective October 2005.  That section provides
13 that the automatic stay shall not go into effect upon the filing
14 of a case, if two or more cases of that debtor were pending
15 within the previous year but were dismissed (with exceptions not
16 relevant here).  However, within thirty days of the filing of the
17 latter case, a party in interest may request the court to order
18 that the automatic stay take effect in the case.  However, the
19 party so moving must demonstrate that the filing of the latter
20 case is in good faith as to the creditors to be stayed.
21     The statute goes on to state that a case is presumptively
22 filed not in good faith if certain facts exist.  If the
23 presumption arises, it may be rebutted by clear and convincing
24 evidence to the contrary.
25     When the stay applies to all creditors, there are three
26 categories of facts that establish a case as presumptively not
27 filed in good faith.
28 •    First, two or more previous cases under which the individual

was a debtor were pending within a one year period.

- Second, the previous case was dismissed after the debtor failed to file or amend a petition as required without substantial excuse or failed to provide adequate protection as ordered by the court or failed to perform the terms of a plan confirmed by the court. Mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney.
- Third, here has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case, or if any other reason to conclude that the latter case will not be concluded with a discharge or a confirmed plan exists.

There is some inconsistency in the wording of this statute. Section 362(c)(4) only applies to individual debtors who had two or more cases pending within the previous year but were dismissed. Section 362(4)(d)(i)(I) states that there is a presumption of a case not being filed in good faith if two or more previous cases in which the individual was the debtor were pending within the one year period. It would thus seem that the presumption of a case not being filed in good faith will always arise upon the filing of the third case when two previous cases have been pending within the previous year but were dismissed.

The court must apply this statute to the facts here. The presumption of the case not being filed in good faith does arise. Mr. and Mrs. Gay have, as they acknowledge, been debtors in two previous chapter 13 cases that were pending within the last year

and were dismissed. In order to prevail on their motion to impose the stay, they must rebut the presumption that the case was not filed in good faith by clear and convincing evidence.

Clear and convincing evidence "is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." Shafer v. Army & Air Force Exch. Serv., 376 F.3d 386, 396 (5th Cir. 2004).

The debtors' second chapter 13 case was dismissed after they failed to file a confirmable plan within a reasonable time without substantial excuse. In that case, Judge Lee found that the delay had prejudiced creditors. The court stated "Debtors' inability to get a plan confirmed on several occasions, and the long unexplained gaps between confirmation attempts, lead to the conclusion that this chapter 13 case has not been expeditiously administered. The delay in this case is unreasonable. Moreover, debtors' counsel's efforts at the hearing to explain the delays did little to persuade the court otherwise."

A presumption of the case not being filed in good faith arises if there has not been a substantial change in the financial or personal affairs of the debtors since their prior case. Here, the debtors attempted to persuade the court that there had been a substantial change in their financial and personal affairs. This attempt was made more difficult because they filed their new case only six days after their second case

was dismissed.

In order to rebut the presumption here, the debtors must come forward with clear and convincing evidence that the circumstances of the prior cases do not arise to the debtors' deliberately trying to delay and impeded creditors. There is no evidence of any such deliberate attempt here. Rather, a review of the entire record of these three cases leads to a conclusion that the delay was in the first case inadvertence on the debtors' part and in the second case attributable largely to debtors' counsel not promptly proceeding to plan confirmation.

The debtors must come forward with clear and convincing evidence that there is a substantial likelihood in this case that they will be able to confirm a chapter 13 plan that will pay creditors. This is the most important fact. Other than the fact that they have managed to be in chapter 13 for a year in one case or another without confirming a plan or any of their creditors being paid, the debtors' circumstances are very sympathetic. Mr. Gay has a business. He is unsophisticated with respect to financial and bookkeeping matters, but he does have the ability to obtain contracts for the business in which he is engaged. Mrs. Gay has been a school teacher for fifteen years. It may well be that Mr. Gay's business has now turned around and can produce a profit and the Gays' can confirm a chapter 13 plan. But, the Gays have not come forward with clear and convincing evidence of that.

The only evidence given to the court with respect to the debtors' ability to confirm a plan and make the payments was the profit and loss year to date comparison, Exhibit 2. And neither

that document nor the testimony of Mr. Gay about it persuades the court by clear and convincing evidence that anything has significantly changed since the entire period of time in 2005 in which the debtors were trying to confirm a plan.

The financial information about Mr. Gay's business from January 1 to the end of March in 2006 was available at the time of the hearing on the motion to dismiss the second case. The 2005 tax returns were available. And while the business may eventually be successful, the Gays have not come forward with clear and convincing evidence that they have thought out how that will take place.

This is a motion brought under Bankruptcy Code § 362(c)(4) to reinstate the stay. That section was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. However, under these facts, had that section not been in effect, and had the creditor brought a motion for relief from stay upon the filing of the third case, the court would have been inclined to grant it. That is, in this particular case, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 did not affect the outcome.

For the foregoing reasons, the motion to impose the stay is denied.

DATED: August 17, 2006.

_____
WHITNEY RIMEL, Judge
United States Bankruptcy Court

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF FRESNO       )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On August 17, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Patrick Kavanagh, Esq.
1331 L Street
Bakersfield, California 93301

George C. Lazar, Esq.
FOX JOHNS LAZAR PEKIN & WEXLER
525 B Street, Suite 1500
San Diego, California 92101

M. Nelson Enmark, Esq.
3447 W. Shaw Avenue
Fresno, California 93711

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on August 17, 2006, at Fresno, California.

_____
Kathy Torres, PLS